## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

BRANDON D. ROSS,

        Plaintiff,

    v.

DISCOVER BANK

        Defendant.

Civil Action No. 1:14-cv-00411-LM
Civil Case Number: 216-2014-CV-00535
(Hillsborough County Superior Court)


## MEMORANDUM OF LAW IN SUPPORT OF
## DISCOVER BANK'S MOTION TO DISMISS


Christopher J. Somma (NH Bar# 17025)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel. 617-570-1000
Fax. 617-523-1231
csomma@goodwinprocter.com


Counsel for Defendant Discover Bank[1]

---

[1] Plaintiff improperly sues Discover Financial Services, Inc.  The proper party in interest is Discover Bank.

I.      **INTRODUCTION**

Plaintiff, Brandon D. Ross ("Plaintiff"), purports to assert three counts against Discover

Bank ("Discover") for violations of the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227, *et seq*., and the New Hampshire Unfair, Deceptive, or Unreasonable Collection

Practices Act, N.H. Rev. Stat. Ann. § 358, *et seq.* ("UDUCPA").  For his TCPA claims, Plaintiff

generally alleges that Discover made telephone calls to his cellular telephone using an automatic

telephone dialer system without his consent.[2]  Plaintiff's UDUCPA claim is derivative of his

TCPA claims, alleging only that the placing of the subject calls is also a violation of the

UDUCPA.  Each of the claims in Plaintiff's First Amended Complaint ("Complaint") fails to

state a claim upon which relief can be granted and should be dismissed for at least these reasons.

First, as to his TCPA claims, Plaintiff fails to allege the cellular telephone number that

was actually called, the dates of the challenged calls, or the telephone number of the alleged

caller.  Instead, Plaintiff merely makes conclusory, threadbare allegations of calls in violation of

the TCPA.  These allegations are insufficient to state a claim upon relief may be granted, as

made clear by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).

Second, as to his TCPA claims Plaintiff also fails to plead any facts that Discover made

the challenged calls using an automatic telephone dialing system ("ATDS") or artificial or

prerecorded voice within the scope of the TCPA.  Instead, Plaintiff merely provides a formulaic

---

[2] Plaintiff, an attorney representing himself, *pro se*, acknowledges that he gave consent for his student loan lender to call his cell phone about that debt.  He nonetheless sues because, when he moved from Michigan to New Hampshire, he changed his cell phone number without updating his records with his lender.  Plaintiff's purported lack of consent thus arises from his own conduct and inaction.  This case thus represents nothing more than an attempt by Plaintiff to secure a windfall for himself when Discover has engaged in no real misconduct proximately causing him any injury.

recitation without any supporting factual allegations that Discover used an ATDS. Again, these threadbare allegations are not enough to state a TCPA claim as a matter of law.

Finally, as to Plaintiff's UDUCPA claim, it is derivative of his TCPA claims and so fails with them. In addition, the claim is also defective because Plaintiffs alleges no facts showing how the act of making the challenged phone calls was unfair, deceptive, or unreasonable and/or intended to annoy or harass him.

For these and the additional reasons discussed below, this Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

## II.   FACTS AS ALLEGED IN THE COMPLAINT[3]

Several years ago, Plaintiff borrowed money from Citibank's Student Loan Corporation ("Citibank") to finance his college education. *See* First Amended Complaint at ¶ 6. As Plaintiff lived in Michigan at the time, he provided his Michigan cell phone number on his application as a contact number for calls about his loans. *Id.* at ¶ 6-7. In July 2010, Plaintiff moved to New Hampshire. *Id.* at ¶ 8. Upon moving he obtained a new cellular phone number with a New Hampshire area code. *Id.* Plaintiff did not update his Citibank records with that new number.

Sometime in 2013, Citibank assigned some of Plaintiff's student loans to Discover.[4] *Id.* at ¶ 10. At the time of transfer, Plaintiff owed approximately $14,000 in student loan debt. *Id.* at ¶ 11. In the fall of 2013, Plaintiff becomes delinquent on his student loans with Discover. *Id.* at ¶ 14. In response, Discover called Plaintiff in an attempt to collect the debt. *Id.* at ¶ 15. Plaintiff

---

[3] For purposes of this Motion, the allegations of the Complaint are presumed to be true. *In re McDonald,* 265 B.R. 3, 6 (2001). This presumption does not constitute an admission by Discover. *Id.* The Court may also take judicial notice of certain court filing that are already part of the Court's official record. *See In re Soto,* 221 B.R. 343, 347 (Bankr. E.D. Pa. 1998) (citing *DiNicola v. DiPaslo,* 945 F. Supp. 848, 855 n. 2 (W.D. Pa. 1996)).

[4] Discover fully expects that in the event this case is not dismissed, it will ultimately prove that Plaintiff gave Discover informed express consent to contact him on his cell phone.

eventually paid the arrears on his student loan debt in December 2013. *Id.* at ¶ 16. He now sues Discover for violations of the TCPA and UDUCPA.

## III.   STANDARD OF REVIEW ON A RULE 12(b)(6) MOTION TO DISMISS

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff must make factual allegations sufficient to state a claim to relief that is plausible on its face." *D'Angola v. Update Mgmt. Servs. LLC,* 2011 U.S. Dist. LEXIS 130081, at * 1 (D.N.H. Nov. 9, 2011) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009)). "A claim is facially plausible when it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *D'Angola,* 2011 U.S. Dist. LEXIS 130081, at *1 (quoting *Iqbal,* 556 U.S. at 678) (citations and quotation marks omitted).

This Court uses a two-pronged approach in deciding a motion to dismiss. *See D'Angola,* 2011 U.S. Dist. LEXIS 130081, at * 1 (citing *Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1, 12 (1st Cir. 2011)). First, the court "screen[s] the complaint for statements that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a [cause] of action." *D'Angola,* 2011 U.S. Dist. LEXIS 130081, at *1 (citations and quotation marks omitted). Second, the court "credit[s] as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine[s] if the claim is plausible." *Id.* "[A] Rule 12(b)(6) motion should be granted if the facts, evaluated in a plaintiff-friendly manner, do not contain enough meat to support a reasonable expectation that an actionable claim may exist." *L'Esperance v HSBC Consumer Lending, Inc.* 2012 U.S. Dist. LEXIS 80937, at *1

(D.N.H. June 12, 2012) (internal quotation marks and brackets omitted).  Application of these well-established standards to the Complaint demonstrates that this Motion should be granted.

## IV.   __ARGUMENT__

### A.   **Plaintiff's TCPA Claims Fail Because He Does Not Allege That Discover Called His Cell Phone Using an ATDS Without His Prior Express Consent.**

The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the call party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…"  47 U.S.C. § 227(b)(1)(A).  The statue defines "automatic telephone dialing systems" ("__ATDS__") as equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and…to dial such numbers."  47 U.S.C. § 227(a)(1).  Thus, to state a TCPA claim, a plaintiff must allege factual allegations that "(1) the defendant called a cellular telephone; (2) using an ATDS [or artificial or prerecorded voice]; and (3) without the recipient's prior express consent." *Jones v. FMA Alliance Ltd,* 2013 U.S. Dist. LEXIS 151474, at * 3 (citing *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1); *Pimental v. Google, Inc.,* 2012 U.S. Dist. LEXIS 58629, at *2 n.2 (N.D. Cal. Apr. 26, 2012) (citing 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)).  Plaintiff's allegations are defective as to the first and second of these elements.

#### 1.   Plaintiff failed to allege the cell phone number called by Discover.

The plain language of the TCPA refers to calls placed to "telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).  It is well-settled, that to plead a claim under the TCPA, Plaintiff must allege that Discover called a specific telephone number and that the number was assigned to a cellular telephone service at the time of the call.  *Strand v.*

*Corinthian Colleges, Inc.,* 2014 U.S. Dist. LEXIS 52963 (D. Mich. 2014).  As the Court in

*Strand* explained, "[n]otice pleading . . . under *Iqbal* and *Twombly,* necessarily requires that a

[TCPA] plaintiff plead the telephone number in question to 'raise a right to relief above the

speculative level.'"  *Strand,* 2014 U.S. Dist. LEXIS 52963, * 2 (quoting *Twombly,* 550 U.S. at

555, 570).  Otherwise, "[w]ithout the telephone number, TCPA defendants are forced to make

educated guesses as to which telephone number belongs to [the] plaintiff" and deprived of a fair

opportunity to investigate and defend.  *Id.*  The Complaint here fails this basic and necessary

pleading requirement, because Plaintiff fails to plead the telephone number that was allegedly

called in violation of the TCPA and the assignment of that number to a cellular telephone service

at the time of calls.  For this reason alone, the Complaint fails to state a claim upon which relief

can be granted and must be dismissed.  *Id.* at *9-*10.

Plaintiff compounds his failure to plead the telephone number at issue by failing to allege

any details about the calls.  This failure provides a further independent reason to grant this

Motion because numerous courts have recognized that, to satisfy the *Iqbal/Twombly* standard

with respect to a TCPA claim, a plaintiff must plead facts as to: "(1) the number of allegedly

unlawful calls received; (2) the approximate dates and times of these calls; and (3) the

circumstances that would support the inference that these calls were placed with an automatic

telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile*

*Adjustments Bureau, Inc.,* 2014 U.S. Dist. LEXIS 53833, 4-6 (D. Mich. 2014) (Exhibit 3). *See,*

*e.g., Hanley v. Green Tree Servicing, LLC*, 934 F. Supp.2d 977, 983-984 (N.D. Ill. 2013)

(finding that a complaint was subject to dismissal where the plaintiff failed to "plead how many

calls [the defendant] allegedly made to him in violation of the [TCPA]" or "when the allegedly

offending calls were made"); *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp.2d 1312, 1316 (S.D.

ACTIVE/78937740.1

Fla. 2012) (dismissing the plaintiff's TCPA claim where he "allege[d] in a conclusory manner that defendant placed 'many' non-emergency calls to his cellular phone" but pled "no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made"); *Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, at *3 (N.D. Ill. Dec. 18, 2012) (opining that "[i]t is not unreasonable . . .to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via" an automated dialing system); *cf. Aronson v. Generation Mortgage Co.*, 2014 U.S. Dist. LEXIS 20239, at *1 (W.D. Pa. Feb. 19, 2014) (holding that the plaintiff had pled a viable TCPA claim where he "provided sufficient details of the date, time and place . . . of the offending call in support of his claim").

   This Court should follow this authority and dismiss because the Complaint is devoid of any of these necessary factual allegations.  For example, Plaintiff fails to plead any of the circumstances in which the challenged call(s) were allegedly placed, including the dates when each call allegedly took place, the telephone number(s) of the caller and the substance of the calls allegedly received.  The Complaint is thus exactly the type of conclusory, threadbare pleading that the Supreme Court has held is insufficient to state a claim.  *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

   2.   Plaintiff does not adequately allege that Discover used an ATDS to contact him.

   The defects in Plaintiff's TCPA claims also infects his ATDS allegations.  To state a TCPA claim, [Plaintiff must] plausibly plead that [Discover] used an ATDS" to call his cell phone.  *Gragg,* 2013 U.S. Dist. LEXIS 60174, at * 2.  A "bare allegation that [Discover] used an ATDS is not enough" as a matter of law.  *Jones,* 978 F.Supp. 2d 84, *4 (quoting *Gragg,* 2013 U.S. Dist. LEXIS 60174, at * 2); *see also Johansen v. Vivant, Inc.,* 2012 U.S. Dist. LEXIS

7

178558, at *3 (N.D. Ill. Dec. 18, 2012) (citing *Abass v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697, at * 13 (N.D. Ill. Dec. 14, 2009); *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)); *see also Ibey v. Taco Bell Corp.,* 2012 U.S. Dist. LEXIS 91030, at *3. (S.D. Cal. June 18, 2012).  But that is all the Complaint here contends.  *See* Complaint at ¶ 13.   This Court should thus dismiss the TCPA claims.

 This conclusion is reinforced by the fact that the Complaint does not identify the type of ATDS that Plaintiff contends Discover used to place the unspecified calls to his cellular telephone.  Rather, Plaintiff baldly asserts, without any supporting factual allegations, that Discover used and ATDS that has "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator."  *See* Complaint at ¶ 13.  This just parrots the statutory definition, and so is not enough.  *See* 47 U.S.C. § 227(a)(1).  There are no allegations about the "auto dialer," its technological capabilities, how it was used or functioned, and/or whether human intervention was necessary to initiate calls using it.  Plaintiff must allege facts to support why the equipment Discover allegedly used meets the criteria for an ATDS under the TCPA.  *See* 47 U.S.C. § 227(a)(1).  Without identifying the "auto dialer" Plaintiff contends made the challenged calls to him and the features of that dialer, Plaintiff's conclusory allegations do not state a TCPA claim.

These pleadings defects are not immaterial as the statutory ATDS definition requires a very specific showing that the equipment used to "make a call" had the "capacity" to generate random or sequential numbers.  Other district courts have found that the ATDS must actually have that capacity in order for a TCPA claim to succeed.  *Gragg*, 2013 U.S. Dist. LEXIS 60174, at * 2.  It is not enough that the equipment at issue only have the *potential* capacity to do so.  *See id.* at *2-3; *Hunt v. 21st Mort. Corp.*, 2013 WL 5230061, at *3-4 (N.D. Ala. Sept. 17, 2003).

The *Hunt* case is illustrative of the importance of clear allegations about whether the system is an ATDS. As the Alabama District Court stated, a TCPA plaintiff must allege (and ultimately prove) that the defendant's dialing system was

> fully equipped and ready to automatically dial numbers at a moment's notice, and so had the required "capacity" to meet the "automatic telephone dialing system" definition, regardless of how [the dialers] were actually used.

*See Hunt*, 2013 WL 5230061, at *4. In so doing, the court rejected plaintiff's argument that a dialing system could qualify as an ATDS merely because "certain software could have been installed onto [it] which would have made automatic dialing possible." *Id.* As the court explained, software programming creates "virtually limitless" possibilities for modifying or altering equipment, and so a plaintiff cannot prevail unless the defendant's dialing system actually had the capacity to store or produce random or sequential numbers at the time the challenged calls were made. *Id.* (noting that the plaintiff's "potential capacity" theory would even subject iPhone owners to TCPA liability because software could be developed for the device).

Likewise, the district court in *Gragg* reached the same conclusion—noting that it would lead to an "absurd result" if a plaintiff were only required to allege a dialing system had the potential capacity to store or produce numbers that it randomly or sequentially generated. *See Gragg*, 2013 U.S. Dist. LEXIS 60174, at * 2 (explaining that a potential capacity theory of liability "would capture many of contemporary society's most common technological devices within the statutory definition.").

        3.      <u>Plaintiff does not adequately allege that Discover used an artificial or pre-recorded voice</u>.

Plaintiff's bald allegations that Discover used an artificial or prerecorded voice are not sufficient to state a claim either. This is because Plaintiff only alleges only the conclusions that

ACTIVE/78937740.1

Discover made calls to this cell phone to "deliver messages with an artificial or prerecorded voice." *See* Complaint at ¶¶ 36, 37 and 38.  This just parrots the TCPA and is entirely devoid of any supporting factual allegations.  47 U.S.C. § 227(b)(1)(A).  This is simply not enough as a matter of law.  *See also Johansen* 2012 U.S. Dist. LEXIS 178558, at *3; *see Trumper v. GE Capital Retail Bank,* 2014 U.S. Dist. LEXIS 91624, at * 1 ( D.N.J. July 7, 2014) (dismissing an Amended Complaint where the plaintiff provided "no factual allegations suggesting that the voice on the other end of the line was prerecorded."); *Fard v. MB Financial Services,* 2014 U.S. Dist. LEXIS 71568, at *10 (N.D. Ca. May 23, 2014) (finding that plaintiff's "assertion that he was called 14 times a week – about twice a day- with messages asking him to call back due to an urgent need to speak with him fails to support an inference that the calls were generated by an ATDS as opposed to the alternative inference that Plaintiff received a customer specific call through human agency."); *see also Padilla v. Whitestone Partners, LLC,* 2014 U.S. Dist. LEXIS 95308, at * 6 (S.D.F. July 14, 2014) (dismissing case where plaintiff in detail why he believed the phone messages received were pre-recorded).

The allegations here are almost identical to those made in *Johansen.*  In *Johansen* the plaintiff simply alleged that the defendant left pre-recorded messages on his cell phone. *Johansen v. Vivant, Inc.,* 2012 U.S. Dist. LEXIS 178558, at *3 (N.D. Ill. Dec. 18, 2012).  The court found that the plaintiff could have described the phone messages he received in layman's terms or provide the circumstances surrounding them to establish the belief that the messages were pre-recorded or delivered by an automatic device.  *Id.*  In this case, Plaintiff's Complaint contains a recitation of the statutory cause of action and nothing more.  Like the plaintiff in *Johansen,* Plaintiff did not even elaborate on the content of the pre-recorded message(s) he received.  Accordingly, this Court should dismiss Plaintiff's TCPA claims in their entirety.

ACTIVE/78937740.1

**B.    Plaintiff's UDUCPA Claim Fails Because He Did Not Allege Any Acts Committed by Discover That Are Unfair, Deceptive or Unreasonable.**

Plaintiff's UDUCPA claim is derivative of and predicated upon his defective TCPA claims. *See generally* Count III of Complaint. It thus fails with the TCPA claims. The claim is also defective to the extent Plaintiff intends to plead it as an independent claim. The UDUCPA provides that "[n]o debt collector shall collect or attempt to collect a debt in an unfair, deceptive or unreasonable manner as defined in this chapter." N.H. Rev. Stat. Ann. § 358-C:2. In order to survive a Motion to Dismiss, Plaintiff's allegations must plead that: "[he has] been the object of collection activity arising from a consumer debt; (2) [that Discover] attempting to collect the debt qualifies as a 'debt collection' under the Act; and (3) [that Discover] has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]." *Beadle v. Haughey,* 2005 U.S. Dist. LEXIS 2472, at *2 (D.N.H. Feb. 9, 2005); *see also, e.g., Moore v. Mortg. Elec. Reg. Sys., Inc.,* 848 F. Supp. 2d 107, 124 (D.N.H. 2012); *Gilroy v. Ameriquest Mortg. Co.,* 632 F. Supp. 2d 132, 134-137 (D.N.H. 2009).

With regard to the third element of element of a UDUCPA claim, the statute describes twelve prohibited acts, only one of which – subsection 358-C:3 – potentially applies to this case. *See* N.H. Rev. Stat. Ann. § 358-C:3. That section concerns debt collection actively. And, to plead a claim under that subsection, Plaintiff must allege that:

> (1) [Discover], in an "attempt to collect a debt"; (2) orally communicated or attempted to orally communicate with [him] "by causing a telephone a ring[,] or engage [him] in telephone conversation[s]"; (3) "repeatedly or continuously or at unusual times or at times known to be inconvenient"; (4) "with the intent to abuse, oppress or harass [him]. N.H. Rev. Stat. Ann. § 358-C:3, I(a).

*Gilroy,* 632 F. Supp. 2d at 134. Plaintiff, in conclusory fashion, only alleges that Discover violated N.H. Rev. Stat. Ann. § 358-C:3, I(a), by causing his "cellular telephone to ring

11

repeatedly in an attempt to collect a debt" and "acted with the intent to harass" Plaintiff.  *See* Compl. ¶¶ 47-48.  Such bare allegations are insufficient to state a claim.  And, more fundamentally, there are no allegations about unusual or inconvenient times.  That alone provides grounds for dismissal.

Beyond this, to plead an intent to harass, Plaintiff must plead facts showing such an intent.  In construing the UDUCPA, New Hampshire courts generally look to the federal Fair Debt Collection Practices Act ("FDCPA") for "guidance because it contains provisions similar to the New Hampshire law."  *Id.*  With respect to debt collection, the relevant portion of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

In interpreting this provision of the FDCPA, courts have held that "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls."  *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F. Supp. 2d 492, 505 (D. Md. 2004); *Joseph v. J.J. MacIntyre Cos.,* 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002).  For example, courts have found violations of § 1692d(5) where the defendant repeatedly telephoned the plaintiff after being told by the plaintiff to stop calling, *Chiverton v. Fed. Fin. Group, Inc.,* 399 F. Supp. 2d 96, 104 (D. Conn. 2005) and where the defendant made six calls to the plaintiff in twenty-four minutes, *Kuhn v. Account Control Tech.,* 865 F. Supp. 1443, 1453 (D. Nev. 1994).  In *Sanchez v. Client Servs.,* 520 F. Supp. 2d 1149 (N.D. Cal. 2007), the court recognized that "the frequency and volume of…telephone calls [can] show that defendants intended to annoy, abuse and harass [the] plaintiff."  *Id.* at 1161.  Intent may also be inferred by evidence that the debt collector continued to call the plaintiff after the plaintiff had asked not be called and

had repeatedly refused to pay the alleged debt, or during a time of day which the plaintiff had informed the debt collector was inconvenient.  *See Kerwin v. Remittance Assistance Corp.,* 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse or harass may be inferred from the frequency of phone calls [or] the substance of the phone calls…"); *Bingham v. Collection Bureau, Inc.,* 505 F. Supp. 864, 873 (D.N.D. 1981) (finding that call by collection agency immediately following a prior call could establish harassment).

Here, however, there are no factual allegations from which an intent to harass can be inferred.  For example, there are no allegations that Plaintiff ever requested Discover to stop contacting him.  There are also no allegations showing that Plaintiff knew it was Discover calling him, *i.e.,* the telephone number of Discover showing up on a caller ID.  There are also no allegations regarding any messages received or recorded on an electronic messaging system.  The Complaint is also devoid of any allegations showing that Plaintiff spoke with someone at Discover.  As shown by case law discussed above, these details are necessary to state a claim and give Discover a fair opportunity to defend.

In opposition, Discover anticipates that Plaintiff will point to his allegations that Discover called him approximately 200 times from Fall 2013 (a particularly amorphous date) to December 2013 and that these calls "harassed" him.  This is not enough, standing alone, to state a claim because debt collectors are permitted to make a "remarkable volume of telephone calls" under FDCPA jurisprudence.  *Zortman v. J.C. Christensen & Assocs., Inc.,* 870 F. Supp. 2d 694, 707 (D. Minn. 2012) (citations omitted).  Moreover, "[c]ourts generally agree that there is no bright line rule regarding the number of calls which creates the inference of intent."  *Durthaler,* 854 F. Supp. 2d at 489 (quoting *Hicks,* 816 F. Supp. 2d at 515) (internal quotation marks and brackets

ACTIVE/78937740.1

omitted).  Accordingly, Plaintiff must allege much more than that Discover made a lot of phone calls to state a claim.

## **CONCLUSION**

For the reasons stated above, given Plaintiffs' failure to state a claim for which relief can be granted, Discover Bank respectfully requests that this Court dismiss the First Amended Complaint in its entirety with prejudice.

Respectfully submitted,

DISCOVER BANK

By its attorneys,

Dated: October 13, 2014

/s/ Christopher J. Somma_____
Christopher J. Somma (#17025)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel. 617-570-1000
Fax. 617-523-1231
csomma@goodwinprocter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 13, 2014.

Dated: October 13, 2014

/s/ Christopher J. Somma_____
Christopher J. Somma (#17025)

ACTIVE/78937740.1