# UNITED STATES DISTRICT COURT
### FOR THE
## DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **BRANDON ROSS,** | **Case No.: 14-CV-00411-LM** |
| **Plaintiff,** | **AMENDED COMPLAINT** |
| **v.** | |
| **DISCOVER FINANCIAL SERVICES, INC.,** | |
| **Defendant.** | |

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Brandon Ross ("Ross") sues Discover Financial Services, Inc. ("Discover") for violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and Unfair Collection RSA 358-C by using an autodialer to repeatedly call his wireless telephone, and further states that:

### Parties

1. Brandon Ross is a resident of Manchester, New Hampshire.

2. Discover is a Delaware corporation with its principal place of business in Illinois.

### Jurisdiction & Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

4. This Court may exercise personal jurisdiction over Discover because (1) the intentional transmission of telephone calls into New Hampshire subjects Discover to the jurisdiction of New Hampshire's courts, and (2) Discover transacts business in New Hampshire.

5.  Venue is appropriate in this Court under 28 U.S. Code § 1391(b)(2).

**Factual Background**

**A. Origination of Plaintiff's Loans**

6.  Several years ago, Ross borrowed money from Citibank's Student Loan Corporation to finance his college education.

7.  When Ross applied for the Citibank loans several years earlier, Ross listed contact information corresponding to a mid-Michigan phone number on the loan applications.

8.  In July 2010, Ross moved to New Hampshire. Upon moving there, he obtained a new cellular phone number with a New Hampshire area code, 603-686-6674.

9.  Plaintiff could not have given Citibank his New Hampshire cellular phone number on the original applications because Plaintiff did not have the number yet.

**B. Citibank assigns Ross's loans to Discover Financial Services, Inc.**

10.  Some time in 2013, Citibank assigned some of Plaintiff's student loans to Discover. Discover would own and service these loans going forward.

11.  At the time of transfer, the Plaintiff's loan balance was approximately $14,000.

12.  Some time in early Fall 2013, Ross fell into arrears on the loans.

13.  In response, Discover began calling Ross with repeatedly with an automated telephone dialing system. The calling number was 801-902-2563, a telephone number owned and controlled by Discover.

14.  Over an approximately three-month period of time beginning in September and ending in late December 2014, Discover called Ross's cell phone approximately 200 times, and more specifically on the date and times listed in Exhibit A to this Complaint.

15. The calls of Exhibit A are not exhaustive, and Plaintiff may discover additional instances prior to trial. Plaintiff believes the calling period extended at least until December 23, 2014, as that is the last date of a "dead air" voicemail left by Discover on Plaintiff's phone's voicemail.

16. Discover would call almost every day; on every day of the week; multiple times per day; and often only hours apart.

17. Frustratingly, many of the calls from Discover would simply disconnect when Ross picked up the phone.

18. On other occasions, when Ross answered the phone calls, there would be a continuous tone on the line with a periodic beeping (suggesting that the call was being recorded). (Plaintiff refers to these calls as "dead air" calls.) However, there would be no human on the line and the call would ultimately disconnect.

19. It is probable that Discover was using predictive dialing system which either did not disconnect the call, transfer the call to a human operator, or rather the called was "abandoned" by Discover's automated dialing system. Such systems further qualify as automated telephone dialing systems.

20. Similarly, on some occasions when Discover's automated telephone dialing system reached Plaintiff's voicemail, Discover left recorded messages on Plaintiff's voicemail which consisted solely of continuous tone, punctuated periodically by a "call-recording" reminder tone—and again with no human on the line. This is a probable result of Discover's automated telephone dialing software's predictive dialing features.

21. Given the volume and regularity of calls, the continuous tones transmitted from the

calling party, failure of Discover's system to disconnect or transfer calls in some cases, Discover was actually using an automated telephone dialing system with a then-present capacity to dial Ross's cellular phone number, selected either randomly or sequentially from a pool of delinquent accounts which were flagged for automated dialing.

22. Given the distribution of calls spaced throughout the day and the "dead air" calls in which only a continuous tone was played, it is also probable that Discover was using a predictive dialing system.

23. Ross did not give Discover express prior permission to call his cellular phone with an automated telephone dialing system.

24. Further, the sheer volume and frequency of the automatically dialed calls—often mere hours apart—evinces Discover's intent to harass the Plaintiff with a barrage of automated calls in Discover's effort to collect on the student loan obligations.

**C. Discover Knew Its Autodialing Was Illegal and Not TCPA-Compliant—But Did It Anyway**

25. Discover has been previously sued, at least once, in the United States District Court for the Northern District of California for illegal autodialing calls in violation of the TCPA.

26. Despite having been sued for the same violations, Discover *continued* to autodial calls to Plaintiffs number when Discover (1) knew or should have known the number was assigned to a wireless number; (2) could have "scrubbed" its database of numbers those which were wireless numbers, including Plaintiff's wireless number; and (3) could have obtained express prior consent from the Plaintiff to receive automated calls.

27. For all calls complained of in this suit, Discover knew or should have known that the calls would be in violation of the TCPA and RSA 358-C.

## COUNT I:
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. 227(b)(1)(A)

28. All prior paragraphs are incorporated.

29. Discover made hundreds of calls to the Plaintiff's telephone number at 603-686-6674.

30. The Plaintiff's phone number above was assigned to a cellular phone service.

31. Discover made these numerous calls with an automated telephone dialing system, which had the capacity to call Plaintiff's wireless telephone number either randomly or in a serial fashion.

32. Discover did not obtain the Plaintiff's express prior consent to call Plaintiff's wireless phone number with an automated telephone dialing system.

33. Discover knew that using an automated telephone dialing system without express prior consent was in violation of the TCPA, but Discover did so anyway.

## COUNT II:
## UNFAIR & UNREASONABLE COLLECTION PRACTICES,
## N.H. RSA 358-C:3

34. All prior paragraphs are incorporated.

35. Plaintiff is a "consumer" within the meaning of RSA 358-C:1, II.

36. The Plaintiff's student loans were a "debt" arising from a "consumer credit transaction" within the meaning of RSA 358-C:1, VI and III, respectively, because the Plaintiff obtained money on credit payable in more than four installments.

37. Discover is a "debt collector" within the meaning of RSA 358-C:1, VIII, because it is the owner of the student loan promissory notes and it is in the business of attempting to enforce those obligations, including by indirectly attempting to collecting by making

telephone collection calls.

38. To enforce the student loans, Discover caused the Plaintiff's cellular telephone to ring repeatedly multiple times a day, for months, in the attempt to collect a debt.

39. By making well over a hundred calls, calling multiple calls per day, and then within a short period of time, Discover acted with the intent to harass the Plaintiff into paying Discover on the student loan obligations.

40. Discover's multiple acts of repeatedly calling the Plaintiff with the intent to harass are unfair and unreasonable debt collection practices, in violation of RSA 358-C:3, I(a).

41. Discover knew that using an automated dialing system to repeatedly contact the Plaintiff for a period of almost three months, often multiple times per day, within hours of each other—which frequently involved hang-ups or "dead air" continuous tone calls—would have the natural consequence of harassing and intimidating the Plaintiff until he paid the student loan obligations.

WHEREFORE, Plaintiff requests judgment for the following relief:

A. Statutory damages of up to $500 per violation, as provided by 47 U.S.C. 227(b)(3) ;

B. Statutory damages of $200 per violation, as provided by RSA 358-C:4;

C. Statutory damages of $1,000 per violation, as provided by RSA 358-A:10;

D. Up to treble damages for each violation of 47 U.S.C. 277(b)(3) and RSA 358-A:2, if the violation is found to be willful or knowing; and

E. Any other appropriate relief that is just or proper.

Respectfully submitted,

Date:   November 3, 2014                              /s/ Brandon D. Ross

Brandon D. Ross
1650 Elm Street, Suite 202
Manchester, NH 03101
Phone: (603) 369-6465
Fax: (603) 369-6466
Email: brandon@bdrosslaw.com

## DEMAND FOR JURY TRIAL

I request a trial by jury on all matters triable by jury.

Respectfully submitted,

Date:   November 3, 2014            /s/ Brandon D. Ross_____
Brandon D. Ross
1650 Elm Street, Suite 202
Manchester, NH 03101
Phone: (603) 369-6465
Fax: (603) 369-6466
Email: brandon@bdrosslaw.com

## CERTIFICATE OF SERVICE

I certify that this Amended Complaint and its attachments (if any) were filed through this Court's ECF facilities and served on the registered participants as identified on the Notice of Electronic Filing.

Date:   November 3, 2014              _/s/ Brandon D. Ross_____
Brandon D. Ross
1650 Elm Street, Suite 202
Manchester, NH 03101
p: (603) 369-6465
f: (603) 369-6465
e: brandon@bdrosslaw.com